## Ex Parte Nazario.

Solicitud para que se expida mandamiento de Habeas Corpus.

No. 52.   Resuelto en Mayo 24, 1905.

Habeas Corpus.—Prisión en defecto de pago de multa.—Una sentencia condenando al acusado á ochocientos dollars de multa, ó en defecto de pago, á *ochocientos días de prisión*, es válida en cuanto al *término legal*, que es de *noventa días*, y nula por lo que respecta *al exceso*, y en su virtud, si el acusado hubiere cumplido noventa días de prisión, debe ser excarcelado en un procedimiento de Habeas Corpus.

Id.—La facultad de las Cortes Municipales para imponer prisión en defecto de pago de multa está regulada por las disposiciones del art. 54 del Código de Enjuiciamiento Criminal, teniendo el acusado derecho á que se le compute la prisión subsidiaria á razón de *un día por cada cincuenta centavos* de la multa, no pudiendo exceder el término de prisión de *noventa días*.

Los hechos están expresados en la Opinión.

La solicitud fué dirigida por el peticionario personalmente al Juez Asociado Sr. MacLeary.

Abogado del Pueblo: *Sr. Rossy,* Fiscal.

El Juez Asociado *Sr.* MacLeary, emitió la siguiente opinión:

El prisionero fué declarado culpable de acuerdo con el artículo 522 del Código Penal, en la Corte Municipal de Ponce, de daños maliciosos, y castigado á multa de ochocientos dollars. La Corte pudo haberle castigado á multa de mil dollars, ó á prisión que no excediera de dos años en la cárcel, ó á ambas penas, pero la Corte estimó procedente condenarlo al pago de una multa solamente. El Tribunal tenía derecho para proceder así, y la sentencia dictada por el mismo está dentro de sus facultades jurisdiccionales, y es válida; pero en mi opinión, el tribunal incurrió en error al ordenar que el prisionero pagara la multa en cárcel á razón de un dollar por cada día ó sea ochocientos días.

El Tribunal Supremo ha resuelto en el caso de Guadalupe Andino Ex parte, en que se dictó la sentencia antes de ayer, que cuando la Corte Municipal condena á multa, el prisionero tiene derecho de pagar la multa en cárcel, de acuerdo con las disposiciones del artículo 54 del Código de Enjuiciamiento Criminal, esto es, á razón de cincuenta centavos por cada día. Pero la Corte está limitada, al fijar la prisión que se haya de sufrir á falta de pago de la multa, á noventa días de cárcel, y por consiguiente la corte incurrió en error al fijar en ochocientos días el término de prisión que había de sufrirse por falta de pago de la multa. En mi opinión es perfectamente legal y válida aquella parte de la sentencia que comprende el término de noventa días; pero es nula en cuanto que exceda de noventa días. Ahora bien, si el acusado hubiera preferido pagar los ochocientos dollars más bien que ir á la cárcel, tendría perfecto derecho para ello; pero como no fué sentenciado á prisión alguna, sino al pago de una multa solamente,

y ha cumplido ya noventa días de cárcel por la falta de pago de esa multa, y siendo ese el término que como límite fija el artículo 54 del Código de Enjuiciamiento Criminal debe ser excarcelado, y en su virtud se preparará una orden ordenando la excarcelación del prisionero. El Secretario preparará una orden disponiendo la excarcelación del prisionero, que será firmada por mí más tarde. El prisionero queda excarcelado. El prisionero queda relevado de toda custodia y puede marchar libremente.